IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LEO L. LAURENT                                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:13cv30-LG-JMR

WARDEN FRANK SHAW                                                          DEFENDANT

## REPORT AND RECOMMENDATION

This matter is before the Court on the motions of the plaintiff, Leo L. Laurent [Laurent] to amend [16, 22] his complaint. Upon consideration of the argument raised before this Court, and upon review of the motion filed by the plaintiff, this Court finds that the motions to amend are not well taken and recommends that the motions should be denied.

Laurent's complaint, filed February 5, 2013, is a petition for *habeas corpus* relief. [1.] Motions to amend a *habeas corpus* petition are governed by Rule 15(a) of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2242 ¶ 3 (application for writ of *habeas corpus* "may be amended or supplemented as provided in the rules of procedure applicable to civil actions.") Under Rule 15(a), a party may amend his pleadings once as a matter of course at any time before a responsive pleading is served. Otherwise, the party may amend only by leave of court, which "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *see Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Because the Defendant filed an answer to the petition in this case, leave of court is required here. FED. R. CIV. P. 15(a)(2). Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed amendment would be futile. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *DeLoach v. Woodley,* 405 F.2d 496, 497 (5th Cir. 1968). The decision whether to grant leave to amend is discretionary with the court. *Parish v. Frazier,* 195 F.3d 761, 763 (5th Cir. 1999).

In his first motion to amend, Laurent seeks to add as part of his petition records from the Department of Veteran's Affairs which he claims could have been used during his criminal trial,

competency hearing and other purposes. [16.] In the second motion to amend, Laurent wants to supplement his complaint with a table of authorities which he says he forgot to include with his original complaint. [22-1.] He also seeks to amend the complaint to include the obituary of Deputy Tim Campbell to establish that Campbell did not testify in Laurent's trial. [22-2.] There is no response from the Defendant in this case to these motions.

Plaintiff's proposed amendment to his *habeas* petition involve circumstances unrelated to those advanced in his *habeas* petition. Although Laurent claims that the validity of his underlying conviction was impacted by the information attached as exhibits to the motions to amend, the Court finds that the proposed inclusion of such information would not assist in deciding his petition. In addition, although helpful, the Court finds that the table of authorities is not necessary to consider his *habeas* petition. Accordingly, the Court recommends that the motions to amend [16, 22] should be denied.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than November 20, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address by certified mail, return receipt requested.

THIS the 6th day of November, 2013.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE
