IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEO L. LAURENT**                                                             **PETITIONER**

**V.**                                                                    **CAUSE NO. 1:13CV30-LG-JMR**

**WARDEN FRANK SHAW**                                       **RESPONDENT**

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause comes before the Court on the [23] Report and Recommendation of Chief United States Magistrate Judge John M. Roper. Magistrate Judge Roper recommends that this Court deny Petitioner Leo Laurent's [16, 22] Motions to Amend his Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Laurent filed an objection to the Report and Recommendation. This Court has reviewed the record, and based on the applicable law, finds that Laurent's Motions to Amend should be denied, and the Report and Recommendation should be adopted as the opinion of this Court. As set forth below, Petitioner Laurent has filed two supplemental [24, 28] Motions to Amend his habeas corpus petition since this Report and Recommendation was entered; the Court also denies those Motions.

Under Federal Rule of Civil Procedure 15(a)(2), applicable here, a party may amend his pleading only with leave of court. FED. R. CIV. P. 15. The rule provides that the "court should freely give leave when justice so requires." *Id.* Where the proposed amendment would be futile, however, denial of the motion for leave to amend is appropriate. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Id.* In this case, the Court does not find that justice requires that Petitioner be allowed to

amend his pleading. As set forth in the Magistrate Judge's Report and Recommendation, Laurent's proposed amendments are attempts to add information to his petition for habeas corpus that is not relevant, and not necessary to reach a decision on the merits of his claims.

*First Motion to Amend*

Laurent's first Motion to Amend seeks to include with his petition "medical records . . . which could have been" used at his "trial, competency hearing, and other causes." (1st Mot. to Amend, ECF No. 16). Laurent submits that the medical records contain evidence of one or more psychological disorders, as well as "family abuses." *Id.* Laurent states that he obtained these records from the Department of Veterans Affairs, apparently after he was convicted.

This Court's review under 28 U.S.C. § 2254 is limited to the record in the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011) ("It would be contrary to [§ 2254's] purpose to allow a petitioner to overcome an adverse state-court decision with new evidence introduced in a federal habeas court and reviewed by that court in the first instance effectively *de novo*;" and noting that "[o]ur cases emphasize that review under § 2254(d)(1) focuses on what a state court *knew* and did.") (emphasis added). Therefore, this Motion to Amend will be denied.

*Second Motion to Amend*

Laurent's second Motion to Amend seeks to attach as an exhibit to his petition "a table of authorities which [he] failed to include in [his] original complaint." (2nd Mot. to Amend, ECF No. 22). The table of authorities consists of a list of forty-one

(41) cases. (*See* Mot. Ex. 1, ECF No. 22-1). Laurent also seeks to attach a newspaper obituary of Sheriff's Deputy Tim Campbell, who, according to Laurent, was the first law enforcement officer to arrive at the scene of the crime, and would have testified on Laurent's behalf. (*Id.*) The Court finds, as set forth in the Report and Recommendation, that the table of authorities Laurent seeks to attach to his petition is not necessary to evaluate the merits of his claims; the Court will review all of Laurent's arguments and the relevant legal authority, regardless of whether he provides a table of authorities. The Court further finds that the obituary does not contain evidence that would be helpful to the Court in deciding the merits of Laurent's habeas petition. Accordingly, this Motion to Amend will be denied.

*Supplemental Motions to Amend*

As noted above, Laurent has filed two supplemental Motions to Amend. (ECF Nos. 24, 28). Laurent seeks to amend his habeas petition to include "documents further backing a previous ruling." (ECF No. 24). These documents, however, are contained in the state court record, which is already in the record before this Court. (*See* 3d Mot. to Amend, Exs. A-G, ECF Nos. 24-1, 24-2, 24-3, 24-4, 24-5; State Court Record, ECF No. 13). Thus, there is no need to amend his petition to include these documents, and the Motion will be denied.

Finally, Laurent also seeks to amend his habeas petition to include a case decided by the Missouri Court of Appeals in November 2013: *In re Ryan Ferguson v. Dormire*, 413 S.W.3d 40 (Mo. Ct. App. 2013). Laurent submits that this case bears "exact similarities" to his claim of "missing evidence" and a "*Brady* violation," and explains that because this decision was only recently issued, it was not available to

him when he filed his petition. (4th Mot. to Amend, ECF No. 28). The Court finds that an amendment to Laurent's habeas petition to include a reference to this decision is not necessary. *In re Ryan Ferguson v. Dormire* is a published decision available to the Court; Laurent does not need to amend his habeas petition in order for this Court to consider it as a legal authority. If this decision is relevant to Laurent's claims, it will be taken into account. The Motion to Amend will be denied.

Having determined that each of Laurent's Motions to Amend (ECF Nos. 16, 22, 24, 28) should be denied, the Report and Recommendation entered by Chief United States Magistrate Judge John Roper is adopted as the opinion of this Court.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Report and Recommendation [23] entered by Chief United States Magistrate Judge John M. Roper on November 6, 2013, is hereby **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Petitioner's Motions to Amend his habeas corpus petition [16, 22, 24, 28] are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 21st day of March, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE