IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LEO L. LAURENT, #145260**                                                                 **PETITIONER**

**VS.**                                                                  **Civil Action No. 1:13cv30-LG-JMR**

**WARDEN FRANK SHAW**                                                                  **RESPONDENT**

## REPORT & RECOMMENDATION

This matter is before this court on the Petition [1] for Writ of Habeas Corpus filed by Leo Laurent [Laurent], pursuant to 29 U.S.C. § 2254. An answer to the petition was filed on behalf of the Defendant, Warden Frank Shaw, on April 2, 2013, seeking to dismiss the petition. [12.] The Court, having been advised in the premises and having considered the entire record, including the lodged state court record, recommends that Laurent's Petition for Writ of Habeas Corpus should be dismissed.

## STATEMENT OF THE CASE

On December 4, 2008, Laurent was convicted of murder in the Circuit Court of Hancock County, Mississippi. [13-2, p. 11.] He was sentenced to serve a term of life in the custody of the Mississippi Department of Corrections [MDOC]. [13-2, p. 9.] Laurent filed a motion for judgment notwithstanding the verdict, or in the alternative, for new trial on July 13, 2010, which was denied on September 8, 2010. [13-2, pp. 21, 33-4.] Laurent filed an appeal with the Mississippi Supreme Court, which assigned the case to the Mississippi Court of Appeals, which affirmed the conviction. *Laurent v. State*, 94 So.3d 1232 (Miss. Ct. App. 2012), *reh'g denied* June 12, 2012, and *cert. denied* August 16, 2012. Laurent filed a motion for permission to file a post-conviction petition, which the Mississippi Supreme Court denied on October 2, 2012. [13-10, pp. 98-161.] Laurent's Petition for Writ of *Habeas Corpus* was filed on February 5, 2013.

[1.]

## **ANALYSIS**

Laurent appealed his conviction and sentence to the state court, raising the following grounds for relief:

> I. Whether the trial court's refusal to give a self-defense jury instruction requires a new trial?
>
> II. Was there sufficient evidence for any charge under the indictment to go to the jury for deliberation?
>
> III. Whether the overwhelming weight of evidence supports the murder conviction?

Laurent's petition for post-conviction collateral relief raised the following grounds for relief:

> I. Whether Laurent was denied his right to a speedy trial?
>
> II. Whether the trial court improperly admitted an incriminating statement that was allegedly improperly obtained by law enforcement?
>
> III. Whether Laurent was denied his right to a trial by jury?
>
> IV. Whether Laurent was denied his right to due process?
>
> V. Whether Laurent received ineffective assistance of counsel?
>
> VI. Whether Laurent was improperly denied a psychological evaluation prior to trial?
>
> VII. Whether there is newly discovered evidence that would warrant the grant of a new trial.

The Mississippi Supreme Court denied this petition. [12-3.] In the present petition, Laurent has stated seven grounds for relief, as follows:

> 1. Laurent was denied his right to speedy trial.
> 2. The trial court improperly admitted an incriminating statement by Laurent.
> 3. Laurent was denied his right to a trial by jury.

    4.       Laurent was denied due process.

    5.       Laurent was denied effective assistance of counsel when:

           A. Trial counsel attempted to withdraw from representing Laurent;
           B. Trial counsel failed to properly investigate case or put on an adequate defense; and
           C. Trial counsel had a conflict of interest with victim's best friend.

    6.       Laurent was improperly denied a psychological evaluation prior to trial.

    7.       Laurent is entitled to a new trial based on "newly discovered evidence."

[1, pp. 6-12.]

## STANDARD OF REVIEW

Petitions to the federal courts for habeas review by state prisoners are made pursuant to 28 U.S.C. § 2254(d). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] govern the standard of review for petitions for writs of habeas corpus filed by prisoners in state custody and applies to all cases filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The revised act, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In addition, a state prisoner asserting claims in a federal habeas petition must first present those claims to the state court and exhaust state remedies. 28 U.S.C. § 2254(b). The claims

raised in Laurent's habeas petition were also raised in his motion for reconsideration and for post-conviction relief in the Mississippi Supreme Court and the Court of Appeals. [13-10, pp. 3-6.] The Court has determined that each of the issues raised in Laurent's habeas petition were considered and rejected by the state court. [12-1; 12-3; *Laurent*, 94 So.3d at 1234-1237.]

The Mississippi Supreme Court found that the issues raised in Counts One, Two, Three, Four and Six of the petition were procedurally barred from review under MISS. CODE ANN. § 99-39-21(1). The court found that Laurent's claims concerning speedy trial, right to trial by jury, allegations of a violation of his due process rights, admission of a self-incriminating statement and denial of the motion for a psychological evaluation and competency hearing all could have been raised on direct appeal, but were not. [12-3, pp. 1-2.] In addition, the court found that the claims lacked merit. Laurent waived his right to assert a speedy trial claim in trial court and all claims concerning the self-incriminating statement claim were presented to the trial court. [12-3, p. 2.]

Section 99-39-21(1) of the Mississippi Code provides as follows:

Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial, and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.

Laurent bears the burden of showing that the state did not follow a procedural bar around the time of his appeal and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997), *cert. denied* 522 U.S. 1134 (1998). Laurent has not established these criteria in this case.

4

Laurent must also establish cause and prejudice in order to overcome the fact that federal courts are estopped from reviewing state cases applying an independent and adequate state procedural rule. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Laurent must show that some external circumstance which cannot be attributed to him caused the procedural default; something such as interference by officials, or establishing that a factual or legal basis for a claim was not available to him. *McClesky v. Zant*, 499 U.S. 467 (1991). Although Laurent claims he has "newly discovered evidence" relating to his conviction, he does not present that evidence for consideration. The Mississippi Supreme Court also found that this claim was procedurally defaulted because Laurent did not provide any documentation of his claim. [12-3, p. 2.] He does not establish that some external circumstance prevented him from presenting this information to the state court. In addition, a fundamental miscarriage of justice would not occur if the Court did not consider Laurent's claims on the merits, because Laurent cannot show that he did not commit the crime of conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999), *reh'g and suggestion for reh'g en banc denied* 200 F.3d 813.

Laurent's claim of ineffective assistance of counsel advanced in Ground Five of the petition was reviewed on the merits by the Mississippi Supreme Court and cannot be reexamined on the merits in this habeas petition. Ground Five presents a mixed question of law and fact, and unless the state court's decision involved an unreasonable application of the law, there exists a presumption that the state court findings are correct. *Knox v. Johnson*, 224 F.3d 470 (5th Cir. 2000), *cert. denied* 532 U.S. 975 (2001).

Under the AEDPA, where the issues were previously decided in the state court on the merits, as in the pending matter, that adjudication is entitled to deference. *Amos v. Thornton,* 646

F.3d 199, 204 (5th Cir. 2011), *cert. denied* ___ U.S. ___, 132 S.Ct. 773. Subsection (d)(2) permits federal court relief only if state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997) *cert. denied* 521 U.S. 1123. Under the "contrary to" test of the AEDPA, a federal court may grant a writ of habeas corpus involving claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 402-3 (2000). Additionally, the "unreasonable application" standard of review of a state court decision federal courts should inquire whether the state court's application of clearly established federal law was *objectively* unreasonable. *Tucker v. Johnson*, 242 F.3d 617, 620-1 (5th Cir. 2001), *cert. denied* 533 US 972. The Court considers all evidence in the light most favorable to the prosecution, while referring to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995).

After a careful review of the pleadings and record, the Court finds that petitioner's allegations are without merit. The record before the Court contains evidence which supports the conviction on all grounds raised by the petitioner, and it is not within the province of this Court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S.62, 67-8 (1991). The grounds listed by Laurent in most of his petition were found to be procedurally defaulted; the allegations in Ground Five were found to lack merit; and the state's application of law to the facts was clearly not unreasonable in light of the evidence. The Court finds that the

prior holdings of the Mississippi Court of Appeals were correct in light of established precedent and not debatable among reasonable jurists. Therefore, the Court finds habeas relief should not be granted based on these claims. In the alternative, the Court will address the merits of each claim presented by Laurent in the present petition for habeas corpus.

**1.     Whether the trial court failed to provide Laurent with a "fast and speedy trial."**

This claim was previously reviewed by state court on Laurent's motion for post-conviction relief. [12-3, p. 1.] The Mississippi Supreme Court found that Laurent's claim is procedurally barred because he could have raised the speedy trial claim prior to the start of the trial in this case and failed to do so. (*Id.*) In addition, the Mississippi Supreme Court found that Laurent waived the right to raise that issue in trial court. [12-3, p. 2.]

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman,* 501 U.S. at 732; *see also Edwards v. Carpenter,* 529 U.S. 446, 452-3 (2000) (explaining procedural default doctrine protects integrity and prevents frustration of federal exhaustion rule). A state's application of a procedural bar forecloses federal habeas review, if it is an independent and adequate state ground, such that the procedural bar "relies on state law, rather than federal law, as the basis for the decision" and is "strictly or regularly followed and applied evenhandedly to all similar claims." *Coleman,* 501 U.S. at 731–32. As a general rule, federal courts do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice. *Rollins v. Cain,* 178 F.3d 1291 (5th Cir. 1999). The issue of an alleged violation of speedy trial rights

must first be raised in state court as a federal constitutional violation. *See, e.g., Duncan v. Henry,* 513 U.S. 364, 365-66 (1995).

In this case, the Mississippi Supreme Court concluded that Laurent waived all speedy trial objections on appeal because he failed to demand dismissal prior to trial. [12-3, p. 2.] Under Mississippi law, "if a defendant fails to raise the statutory right to a speedy trial within 270 days of his arraignment, he acquiesces to the delay." *Roach v. State,* 938 So.2d 863, 867 (Miss. Ct. App. 2006); *Guice v. State*, 952 So. 2d 129, 141-2 (Miss. 2007). Constitutional speedy trial claims are resolved by using the balancing process established in *Barker v. Wingo,* 407 U.S. 514, 530 (1972). Mississippi has adopted the *Barker* factors to determine whether there has been a speedy-trial violation. *Sharp v. State,* 786 So.2d 372, 380 (Miss. 2001).

Laurent has not shown that the state court decision is contrary to, or involved an unreasonable application of clearly established federal law. *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784-6 (2011). The Court recommends that habeas relief based on this claim should be denied.

**2.      Self incrimination allowed in trial court.**

This issue was thoroughly addressed in state court. [13-1, pp. 60-6; 99-101; 104-105.] Laurent failed to advance this argument on appeal; however, the Mississippi Supreme Court found that the trial court properly rejected Laurent's claim in connection with this issue when raised in Laurent's motion for post-conviction relief. [12-3, p. 2.] The Mississippi Supreme Court also found that the claim was barred because Laurent failed to raise this issue on direct appeal. [12-3, p. 1.] A defendant must show cause and actual prejudice to be granted relief from the waiver under MISS. CODE ANN. § 99-39-21(1). *Nix v. State*, 126 So.3d 46, 48 (Miss. Ct. App.

2012), *reh'g denied* (Apr. 2, 2013), *cert. granted*, 115 So. 3d 804 (Miss. 2013). Laurent has not shown the cause necessary for excusing a default, which the Supreme Court instructed is shown when "there [is] something *external* to the petitioner, something that cannot fairly be attributed to him." *Coleman,* 501 U.S. at 753 (emphasis in original). Examples of objective factors which have been found to constitute *cause* to excuse a procedural default include "interference by officials" and "a showing that the factual or legal basis for a claim was not reasonably available to [petitioner]." *McCleskey,* 499 U.S. at 494. Laurent has shown neither cause nor prejudice from application of the default, and the Court recommends that Laurent's claim for habeas relief based on his assertions regarding the alleged self-incrimination claim should be denied.

3. **Right to trial by jury.**

The record in Laurent's state court proceedings establishes that Laurent received a jury trial. [13-4, p. 245.] The Court recommends that Laurent's habeas petition based on this claim be denied.

4. **Violation of Due Process**

The procedural default doctrine precludes federal courts from considering a habeas claim when the state court rejected that claim on an independent and adequate state law ground. *Martin v. Maxey,* 98 F.3d 844 (5th Cir. 1996). To be adequate, a procedural bar rule must be "strictly or regularly" applied by the State to the "vast majority of similar claims." *Amos v. Scott,* 61 F.3d 333, 339 (5th Cir. 1995), *cert. denied* 516 U.S. 1005. In this case, the Mississippi Supreme Court found Petitioner's due process claims were procedurally barred under MISS. CODE ANN. § 99–39–21(1) because they were not raised at trial or on direct appeal. The Fifth Circuit has long considered MISS. CODE ANN. § 99–39–21(1) to be an adequate state procedural bar because

Mississippi courts have strictly and regularly applied it to similar claims. *Stokes,* 123 F.3d at 860.

Laurent can overcome this bar if he demonstrates "cause for the default and actual prejudice" or shows that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998), *reh'g and reh'g en banc denied* 180 F3d 267 (1999), *and cert. denied* 528 U.S. 895. None of these factors are established by Laurent, and the Court recommends that there are no grounds for habeas relief on this claim.

5. **Laurent was denied effective assistance of counsel when:**

   **A. Trial counsel attempted to withdraw from representing Laurent;
   B. Trial counsel failed to properly investigate case or put on an adequate defense; and
   C. Trial counsel had a conflict of interest with victim's best friend.**

To prevail on an ineffective assistance of counsel claim, Petitioner must show that counsel's representation "fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). Laurent claims that counsel's thwarted attempt to withdraw from representation resulted in deficiencies in his representation, in that no evidence was sought and no defense was presented on Laurent's behalf. [1, p. 6.] Laurent also claims that counsel was operating under a conflict because he brought the victim's best friend to see Laurent in jail, and allegedly had dinner with that person. (*Id*.)

Brian B. Alexander [Alexander], Laurent's trial counsel, filed a motion to withdraw on March 22, 2010. [13-1, p. 74.] The trial court appointed Jim McGuire to serve as co-counsel with Alexander in Laurent's defense. [13-1, p. 76.] Alexander's motion to withdraw was denied after McGuire was appointed as co-counsel. [13-1, p. 78.] Alexander continued to filed motions on

Laurent's behalf, including a motion to suppress statements. [13-1, p. 99.] In fact, the transcript of the trial proceedings in Laurent's case shows that Alexander served as co-counsel with McGuire through the trial. [13-5.]

There is no evidence that the defendant raised the issue of the alleged conflict of interest resulting from an alleged association of the attorney with the victim's best friend. When the defendant does not raise the issue of an actual conflict at the time of trial or the trial court is not otherwise apprised of the conflict at that time, prejudice will only be presumed if an actual conflict of interest adversely affected the attorney's performance. *Cuyler v. Sullivan,* 446 U.S. 335, 348-9 (1980); *United States v. Infante,* 404 F.3d 376, 391 (5th Cir. 2005).

In this case the Supreme Court reviewed the challenge to Alexander's representation of Laurent under *Strickland*[1]. [12-3, p. 2.] In assessing prejudice under *Strickland,* the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. *Harrington v. Richter,* ___ U.S. ___, 131 S.Ct. 770, 791–92 (2011) (citation omitted). "The likelihood of a different result must be substantial, not just conceivable." *Id.* at 792 (citing *Strickland*, 466 U.S. at 693). In this case, the Mississippi Supreme Court utilized the proper standard in analyzing Laurent's claim of ineffective assistance of counsel. The trial court appointed co-counsel to assist Alexander following the denial of his motion to withdraw. Laurent

---

[1] The Fifth Circuit Court of Appeals condones the use of the Strickland standard in cases in which an attorney has divided loyalty to his client due to a conflicting self interest as opposed to a situation involving multiple representation of defendants by an attorney. *Beets v. Scott*, 65 F.3d 1258, 1271-2 (5th Cir. 1995), *cert. denied* 517 U.S. 1157 *and reh'g denied* 517 U.S. 1252 (1996).

failed to present any evidence of a likelihood that the outcome of his trial would have been different without Alexander's representation.

The Court finds no basis for relief on any allegations concerning Alexander's performance as counsel in Laurent's case. Again, to establish habeas corpus relief on a claim of ineffective assistance of counsel a petitioner must meet the two prong test set out in *Strickland*. Failure to establish both prongs warrants rejection of the claim. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992) *cert. denied*, 508 U.S. 978 (1993).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is "highly deferential" and the court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time." *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994), *cert. denied* 513 U.S. 960 *and reh'g denied* 513 U.S. 1033 (1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 817 (5th Cir. 1986), *cert. denied* 479 U.S. 1057 (1987). To prove prejudice, petitioner must demonstrate that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied* 516 U.S. 1005 (1995); *Lockhart v. Fretwell*, 506

U.S. 364, 369 (1993); *Sharp v. Johnson,* 107 F.3d 282, 286 n.9 (5th Cir. 1997). To meet the prejudice prong, petitioner must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986).

The Court finds that any assertion by Laurent that his trial counsel's performance was inadequate is without merit. Essentially, petitioner's same allegations were examined by the Mississippi Supreme Court, which previously concluded that Laurent's arguments were without merit. [12-3.] Laurent has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel, and the Court recommends that any habeas claim based on allegations of ineffective assistance of counsel should be denied.

**6. Laurent was improperly denied a psychological evaluation prior to trial.**

This claim was thoroughly adjudicated in the trial court, and found to lack merit when considered by the Mississippi Supreme Court in connection with Laurent's motion for post-conviction relief. [12-3; 13-1, pp. 71-5, 77; 13-3, pp. 22-46, 48-151; 13-4, pp. 151-242.] Laurent supplies no information to support his contention that he should have been evaluated prior to trial, and the trial court found that there was no evidence to support Laurent's claim of an impairment. The Court recommends that the habeas petition based on this ground should be denied.

**7. Laurent is entitled to a new trial based on "newly discovered evidence."**

Laurent does not supply any evidence of his claim that he is entitled to a new trial based on "newly discovered evidence." Laurent contends that evidence which was not introduced at trial and other evidence which he claims was withheld by "police officers, DA office, crime labs, corroners [sic] office, medical records" would support his claim that he should be granted a new

trial. [14, p. 4.] The evidence which Laurent claims to be "newly discovered" is neither new nor newly discovered, but in its essence and character, was presented, or available to present, to the trial jury. *See United States v. Freeman,* 77 F.3d 812, 816–17 (5th Cir. 1996), *reh'g and suggestion for reh'g en banc denied* 84 F.3d 435. Additionally, it has long been a habeas rule that "the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus." *Herrera v. Collins,* 954 F.2d 1029, 1034 (5th Cir. 1992) *aff'd,* 506 U.S. 390 (1993)(quoting *Townsend v. Sain,* 372 U.S. 293, 317 (1963)). The Court recommends that no grounds to grant habeas relief are present in Laurent's unsupported claim of "newly discovered evidence."

In summary, the Court finds no merit to any of Laurent's claims and recommends that the habeas petition be dismissed with prejudice.

## **CONCLUSION**

In summary, the petitioner has not shown the adjudication of his claims in state court resulted in a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts. Therefore, the Court finds that Laurent's application for a writ of habeas corpus is not in compliance with 28 U.S.C. § 2254(d). Even consideration of the merits of Laurent's claims results in the Court recommending that the Petition for Writ of Habeas Corpus [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than April 7, 2014, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in

whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address.

THIS the 24th day of March, 2014.

                                                   s/ John M. Roper, Sr.
                                      CHIEF UNITED STATES MAGISTRATE JUDGE