## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**LEO L. LAURENT**                                                             **PETITIONER**

**v.**                                                         **CAUSE NO. 1:13CV30-LG-JCG**

**WARDEN FRANK SHAW**                                                          **RESPONDENT**

### ORDER ADOPTING IN PART AND MODIFYING IN PART
### REPORT AND RECOMMENDATION

BEFORE THE COURT is the [30] Report and Recommendation of Chief United States Magistrate Judge John M. Roper regarding Petitioner Leo L. Laurent's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Magistrate Judge Roper determined that Laurent's Petition should be denied.[1] Because Laurent timely filed objections to the Report and Recommendation (ECF No. 32), the Court reviews the objected-to portions *de novo*. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); *Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991). Such a review means that the Court will consider the record which has been developed before the Magistrate Judge and make its own determination on the basis of that record. *United States v. Raddatz*, 447 U.S. 667, 675 (1980).

In doing so, it is the Court's opinion that Laurent is not entitled to federal habeas corpus relief and that this action should be dismissed. The Court is further of the opinion that the findings of the Magistrate Judge should be adopted in part

---

[1] This case was reassigned to Magistrate Judge John C. Gargiulo by Order of this Court dated August 5, 2014.

and modified in part as discussed herein.

## BACKGROUND AND PROCEDURAL HISTORY

On June 30, 2010, Laurent was convicted of one count of murder in the Circuit Court of Hancock County, Mississippi and sentenced to serve life imprisonment in the Mississippi Department of Corrections. Laurent moved for judgment notwithstanding the verdict, or in the alternative, for a new trial in the trial court, which was denied. He then appealed his conviction to the Mississippi Supreme Court. That court assigned the case to the Mississippi Court of Appeals, which affirmed the conviction. *Laurent v. State*, 94 So. 3d 1232 (Miss. Ct. App. 2012), *cert. denied*, 96 So. 3d 732 (Miss. 2012). Laurent then filed a Motion for Post-Conviction Collateral Relief in the Mississippi Supreme Court, which was also denied, as was his subsequent Motion for Reconsideration.

Laurent thereafter petitioned this Court for writ of habeas corpus on the following grounds: (1) failure to provide a speedy trial; (2) improper admittance into evidence of an incriminating statement; (3) failure to provide a trial by impartial jury; (4) denial of due process; (5) ineffective assistance of trial counsel; (6) denial of a pretrial psychiatric examination; and (7) newly discovered evidence. (Pet. 5-15, ECF No. 1). Magistrate Judge Roper reviewed the Petition, the submissions of Laurent and Respondent Warden Frank Shaw, and the state court record, and entered a Report and Recommendation finding that Laurent's Petition should be denied and this action dismissed with prejudice. Laurent filed numerous objections to the Report and Recommendation, which are now before this Court.

**DISCUSSION**

Under 28 U.S.C. § 2254(d), which the parties do not dispute applies to this action, a writ of habeas corpus

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying this standard and after its own independent review, the Court agrees with the Magistrate Judge that Laurent's claims in Grounds One, Two, Three, Four, Six, and Seven of his Petition are procedurally barred. The Court modifies the Report and Recommendation to include that Laurent's claim of ineffective assistance of his direct appeal counsel is itself procedurally barred, and, thus, cannot serve as cause for granting relief from Laurent's waiver or stand as an independent claim. The Court further agrees with the Magistrate Judge that Laurent's claims in Grounds Five, Six, and Seven lack merit.

**I.     Procedurally Barred Claims**

"When a state court declines to hear a prisoner's federal claims because the prisoner failed to fulfill a state procedural requirement, federal habeas is generally barred if the state procedural rule is independent and adequate to support the judgment." *Sayre v. Anderson*, 238 F.3d 631, 634 (5th Cir. 2001). If so, to obtain

3

habeas review of his claims, a petitioner must demonstrate cause for and actual prejudice as a result of defaulting his claims based on this procedural bar, or that failure to consider the claims would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

The Mississippi Supreme Court held that the claims raised in Grounds One, Two, Three, Four, Six, and Seven were procedurally barred on post-conviction review pursuant to Mississippi Code § 99-39-21(1) on the basis that these claims could have been raised on direct appeal.[2] Therefore, federal habeas relief on those claims is barred if (1) § 99-39-21(1) is independent and adequate to support the judgment against Laurent; and (2) Laurent has not shown cause and actual prejudice or that failure to consider the claims would result in a fundamental miscarriage of justice.

### A. Whether § 99-39-21(1) is Independent and Adequate

The Fifth Circuit has determined that "§ 99-39-21(1) does contain an independent state procedural bar. The question, then, is whether this bar is 'adequate,' and this hinges on whether Mississippi has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997). Laurent must show "that

---

[2] Mississippi Code § 99-39-21(1) states, in pertinent part, that

[f]ailure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred . . . .

4

the state did not strictly or regularly follow a procedural bar around the time of his appeal" and must "demonstrate that the state has failed to apply the procedural bar to claims identical or similar" to the claims presented here. *Id.* However, Laurent "has not pointed to a single case where the Mississippi Supreme Court has failed to apply the § 99-39-21(1) procedural bar to a claim identical or similar to one of his own procedurally barred claims." *Id.* at 861. Accordingly, he "has failed to carry his burden of showing inconsistent and irregular application of the § 99-39-21(1) bar; he has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule." *Id.*

Laurent argues that the Mississippi Supreme Court no longer applies procedural bars to fundamental constitutional rights and cites *Rowland v. State*, 42 So. 3d 503 (Miss. 2010) in support, even though the Mississippi Supreme Court applied the procedural bars here over two years after deciding *Rowland*. Regardless, *Rowland* involved a petitioner's claims of double jeopardy, which is not at issue here. It is still Laurent's burden to identify cases where the Mississippi Supreme Court has failed to apply procedural bars to post-conviction claims which are similar or identical to the claims presented here, which he has not. *See Rogers v. Mississippi*, 555 F. App'x 407, 408 (5th Cir. 2014) (rejecting petitioner's *Rowland* argument and stating that since petitioner did not identify "specific instances when the Mississippi Supreme Court did not apply the procedural bars to claims identical or similar to those he s[ought] to raise, he ha[d] not met his burden of establishing

that the procedural bars were not strictly or regularly applied 'to the vast majority of similar claims'") (citation omitted); *see also Means v. State*, 43 So. 3d 438, 442 (Miss. 2010) (clarifying that "merely asserting a constitutional-right violation is insufficient to overcome the procedural bars").

### B. Whether Laurent Has Shown Cause and Actual Prejudice or That Failure to Consider the Claims Would Result in a Fundamental Miscarriage of Justice

Because § 99-39-21(1) is independent and adequate to support the judgment against Laurent, Laurent's claims are barred unless he shows cause and actual prejudice or that a fundamental miscarriage of justice will result if the Court does not consider his defaulted claims. *See Coleman*, 501 U.S. at 750.

#### 1. Cause and Actual Prejudice

"'Cause' in this context is something external to the petitioner that cannot be fairly attributed to him." *Coleman*, 501 U.S. at 753. "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to counsel." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (citation and quotation marks omitted). "'In addition, constitutionally ineffective assistance of counsel is cause.'" *Id.* at 494 (citation, brackets, and ellipses omitted).

Laurent argues that cause is shown because (1) evidence was allegedly withheld; and (2) his direct appeal counsel was ineffective in not raising certain

issues on appeal. (*See* Obj. 8, 10, ECF No. 32; *see also generally* Pet.). He offers no explanation as to how the alleged withholding of evidence at the trial court level prevented him from raising the issues herein on direct appeal, and the Court therefore rejects this argument. Laurent's only remaining argument is the alleged ineffective assistance of direct appeal counsel.

Laurent had to raise and exhaust a claim of ineffective assistance of appellate counsel on direct appeal in order to argue attorney error as cause to overstep the procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 452-54 (2000). In most instances, "the exhaustion requirement is satisfied if a claim 'has been presented once to the state's highest court.'" *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (citation omitted). "Nevertheless, the habeas corpus applicant must provide the high state court with a fair opportunity to pass upon the claim. Generally, that means that the habeas corpus applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts." *Id.* (citation and quotation marks omitted).

Laurent only raised ineffective assistance of trial counsel in his Motion for Post-Conviction Collateral Relief. He tried to raise ineffective assistance of appellate counsel on a Motion to Reconsider the Order of the Mississippi Supreme Court denying his Motion for Post-Conviction Collateral Relief, but that court dismissed the Motion to Reconsider on the ground that Laurent was not entitled to reconsideration under Mississippi Rule of Appellate Procedure 27. (*See* Order, ECF

No. 13-10 at p.2; *see also* Order, ECF No. 12-3). Thus, Laurent failed to exhaust his claim of ineffective assistance of appellate counsel. *See Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy*, 837 F.2d at 702. Accordingly, that claim "is procedurally barred from review in this court and cannot furnish the basis for cause and prejudice enabling federal review of the underlying unexhausted habeas claims." *Hatten v. Quarterman*, 570 F.3d 595, 605 (5th Cir. 2009).

Laurent's procedural default of his claim of ineffective assistance of appellate counsel could be excused if he could "satisfy the cause-and-prejudice standard with respect to that claim." *Edwards*, 529 U.S. at 453. However, since Laurent does not attempt to satisfy that standard, the Court rejects Laurent's argument of ineffective assistance of trial counsel as "cause" for the procedural default at issue.[3] Because Laurent has failed to demonstrate cause, the Court need not question whether there is prejudice. *See Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir. 1996).

## 2. Fundamental Miscarriage of Justice

"[T]he fundamental miscarriage of justice exception is confined to cases of actual innocence 'where the petitioner shows, as a factual matter, that he did not

---

[3] Even if this claim had not been procedurally defaulted, an appellate attorney's failure to raise every colorable claim suggested by a client does not amount to ineffective assistance, as an attorney is not required to raise every nonfrivolous issue on appeal. *See generally Jones v. Barnes*, 463 U.S. 745 (1983); *see also Smith v. Robbins*, 528 U.S. 259, 288 (2000)("[A]ppellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."); *United States v. Atkinson*, 52 F.3d 1067, *1 (5th Cir. 1995) ("The Sixth Amendment does not require counsel to raise all nonfrivolous issues on appeal, even if the defendant specifically requests that a particular issues be raised.").

commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citation omitted). Laurent must present new, reliable evidence and "show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Id.* (citation omitted). This "standard 'does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty.'" *Reed v. Stephens*, 739 F.3d 753, 767 (5th Cir. 2014) (citation omitted).

The Court finds that Laurent has not met his burden of establishing a fundamental miscarriage of justice, and that this is not the "rare" or "extraordinary case" in which that narrow exception should be applied. *See Williams v. Thaler*, 602 F.3d 291, 308 (5th Cir. 2010). As recognized and discussed by the Magistrate Judge, most, if not all, of the evidence Laurent identifies in his Petition and Objection is not new. Even so, this Court is unpersuaded that, in light of this purported new evidence, no reasonable juror would have found Laurent guilty. *See Reed*, 739 F.3d at 767. The Court agrees with the Magistrate Judge that "a fundamental miscarriage of justice would not occur if the Court did not consider Laurent's claims [in Grounds One, Two, Three, Four, Six, and Seven] on the merits . . . ." (Report & Rec. 5, ECF No. 30).

## II. Ineffective Assistance of Counsel (Ground Five)

Laurent claims that he was denied effective assistance of trial counsel when (1) counsel attempted to withdraw from representing Laurent; (2) counsel "sought

9

no evidence nor put up any defense[;]" and (3) counsel had a conflict of interest with the victim's best friend. (Pet. 6, ECF No. 1). Under the two-prong test for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984),[4] Laurent "must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense." *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009).

"[T]o establish deficient performance, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness." *Id.* (citation, quotation marks, and brackets omitted). Courts are "extremely deferential in [the] scrutiny of counsel's performance and [must] make every effort to eliminate the distorting effects of hindsight." *Ellis v. Lynaugh*, 873 F.2d 830, 839 (5th Cir. 1989) (citation and quotation marks omitted). "Counsel 'is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Woodward*, 580 F.3d at 325 (citing *Strickland*, 466 U.S. at 690). "To establish prejudice, [a petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 326 (citation, quotation marks, and brackets omitted).

Laurent's ineffective assistance claims are governed by § 2254(d)(1). *Pape v.*

---

[4] Although the Magistrate Judge discussed the conflict of interest standard of review set forth in *Cuyler v. Sullivan*, 446 U.S. 335 (1980), the Fifth Circuit has held that *Cuyler* only applies in "the multiple or serial client context[,]" which is not at issue here. *See Beets v. Scott*, 65 F.3d 1258, 1265-66 (5th Cir. 1995).

*Thaler*, 645 F.3d 281, 287 (5th Cir. 2011).  Laurent therefore must show that the earlier state court's decision was contrary to federal law then clearly established in the holdings of the United States Supreme Court, or that it involved an unreasonable application of such law.  *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011).  Laurent's allegations of his trial counsel's ineffectiveness were considered and rejected on the merits by the Mississippi Supreme Court on the ground that Laurent failed to meet both prongs of the *Strickland* test.  Thus, "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable."  *Harrington*, 131 S. Ct. at 785.  The Magistrate Judge found it was not.

The Magistrate Judge also applied *Strickland* himself and found that Laurent's assertion that his trial counsel's performance was deficient lacked merit.  After a thorough review of the trial court record, the Court agrees with the Magistrate Judge both that the state court's application of the *Strickland* standard was not unreasonable, and that Laurent cannot meet the first prong of the *Strickland* test.  Accordingly, the Court need not address whether any alleged deficient performance prejudiced Laurent's defense.  *See United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000).

Finally, although Laurent claimed in his Objection to the Magistrate Judge's Report that he also received ineffective assistance of direct appeal counsel, as discussed above, that claim is procedurally barred.

### III.    Denial of a Pretrial Psychiatric Examination (Ground Six)

To be entitled to a psychiatric examination, a defendant must show that his sanity at the time of the offense is "a significant factor at trial." *See Ake v. Oklahoma*, 470 U.S. 68, 83 (1985); *Volanty v. Lynaugh*, 874 F.2d 243, 247 (5th Cir. 1989). Laurent argues that "[t]he facts that I was medically discharged from the Marine Corps for mental disability, I was under care of Gulf Coast Mental Health, the psyche [*sic*] medications I was on, and other issues were denied[,] ignored[,] and no evaluation given." (Pet. 7, ECF No. 1). In support, he submits selected medical information to this Court. However, a review of the record shows that none of this medical information was supplied to the trial court:

> Additionally there is no medical evidence by way of affidavit, medical records, testimony or anything of that sort to indicate to the Court that Mr. Laurent had any kind of psychological impairment, and . . . the Court had an opportunity to observe Mr. Laurent at various times prior to the trial during motion hearings and also for three days during the trial itself [and] saw no evidence or indication of any psychological impairment during all of my dealings with this case.

(Tr. 629-30, ECF No. 13-7 at pp. 30-31).

This Court agrees with the trial court, the Mississippi Supreme Court, and the Magistrate Judge that there is no merit to Laurent's claim that he was unconstitutionally denied a pretrial psychiatric examination. Neither the trial court's decision nor the Mississippi Supreme Court's affirmance of that decision was contrary to United States Supreme Court precedent or involved an unreasonable application of clearly established federal law. *See* 28 U.S.C. § 2254(d). Similarly, those decisions were not based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding. *See id.* Habeas relief is not warranted on this ground, even if it had not been procedurally defaulted.

## IV. Newly Discovered Evidence (Ground Seven)

None of the evidence that Laurent claims should have been considered is new; it was available at the trial court level. *See United States v. Freeman*, 77 F.3d 812, 816 (5th Cir. 1996). The Court has already denied numerous Motions to Amend by Laurent seeking to present purported "new" evidence. (*See* Orders, ECF Nos. 23, 29, 39).

In any event, Laurent's claim of "actual innocence" is not a ground for granting habeas relief. *See Herrera v. Collins*, 954 F.2d 1029, 1033 (5th Cir. 1992), *aff'd*, 506 U.S. 390, 420 (1993). Even if Laurent's evidence was "new," "[t]he rule is well established that claims of newly discovered evidence, casting doubt on the petitioner's guilt, are not cognizable in federal habeas" proceedings.[5] *See id.*; *see also id.* at 1034 ("'the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus'") (citing *Townsend v. Sain*, 372 U.S. 293, 317 (1963)). "Moreover, the right to collaterally attack a conviction is not a right guaranteed by the Constitution." *Id.* at 1033-34. The Court agrees with the Magistrate Judge that this claim also fails on the merits.

---

[5] And, as discussed above, any alleged newly discovered evidence is also insufficient to establish that a fundamental miscarriage of justice will result if the Court does not consider Laurent's defaulted claims.

**CONCLUSION**

After having conducted a *de novo* review, the Court agrees with the Magistrate Judge that Leo Laurent's Petition should be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [30] Report and Recommendation of United States Magistrate Judge John M. Roper entered in this cause, should be, and hereby is, adopted in part and modified in part as the findings of this Court, as discussed herein.

**IT IS FURTHER ORDERED AND ADJUDGED** that [1] Laurent's 28 U.S.C. § 2254 habeas corpus petition is **DISMISSED**.

**SO ORDERED AND ADJUDGED** this the 4th day of December, 2014.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE